UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AIUR TUDINOV,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden, Imperial Regional Detention Facility; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Acting Attorney General, all in their official capacities,<br><br>                              Respondents. | Case No.:  3:26-cv-02634-LEK-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Before this Court is Petitioner Aiur Tudinov's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days and Complaint for Injunctive and Declaratory Relief ("Petition"), filed on April 24, 2026. [Dkt. no. 1.] Respondents Jeremy Casey, Warden, Imperial Regional Adult Detention Facility; Daniel A. Brightman, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General, all in their official capacities ("Respondents") filed a Response to Petition ("Response") on May 5, 2026. [Dkt. no. 4.]

On May 7, 2026, Petitioner filed a traverse in support of the Petition ("Traverse"). [Dkt. no. 5.]

Petitioner, a Russian national, entered the United States on November 29, 2024. Petition at ¶¶ 22-23; see also id., Exh. 2 (Petitioner's Russian passport, with certified translation); id., Exh. 5 (Declaration of Aiur Tudinov) ("Petitioner's Decl.") at ¶¶ 1-2. Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Facility in Calexico, California since November 29, 2024. Petition at ¶ 16; see also Petitioner's Decl. at ¶ 3.

A DHS Notice to Appear, dated November 30, 2024, was issued to Petitioner. See Petition, Exh. 1 (Notice to Appear). According to Petitioner, a merits hearing on his asylum application was not held until October 28, 2025, "due to numerous immigration court docket changes." See Petition at ¶ 24. An immigration judge entered an order of removal on November 25, 2025. [Id.; Petition, Exh. 3 (Decision and Orders of the Immigration Judge).] Petitioner filed an appeal with the Board of Immigration Appeals on December 17, 2025. [Petition at ¶ 24; id., Exh. 4 (Filing Receipt for Appeal or Motion, dated 12/31/25).] The appeal was still pending when the instant Petition was filed. See Petition at ¶ 16.

Petitioner alleges that his due process rights under the United States Constitution are being violated because he is being detained "without a tenable justification and demonstration that removal is significantly likely in the reasonably foreseeable future." [Id. at ¶ 30 (citations omitted).] Petitioner asks this Court to, inter alia: 1) assume jurisdiction over this matter; 2) order Respondents to show cause why the Petition should not be granted; 3) issue a declaratory judgment that Petitioner's detention violates the Due Process Clause of the Fifth Amendment; 4) issue a writ of habeas corpus ordering Respondents to either release the Petitioner immediately, or, in the alternative, schedule an individualized bond hearing before an immigration judge; 5) order

Respondents to return all of Petitioner's belongings; 6) issue an injunction prohibiting Respondents from detaining Petitioner without first providing notice to Petitioner's counsel and to this Court and requiring Respondents to establish at a pre-deprivation hearing that changed circumstances warrant detention; and 7) order any other appropriate relief. See id. at pgs. 14-15.

Respondents contend that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)," but Respondents "acknowledge[] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention." [Response at 1.] In light of those rulings and the amount of time that Petitioner has been detained, Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." [Id. at 1-2 (citations omitted).]

Petitioner, however, argues that "a bond hearing is not an adequate remedy in this case," [Traverse at 2,] because the "bonding hearing . . . is likely to be biased, perfunctory, and outcome-determinative in favor of detention," [id. at 3]. Petitioner therefore urges this Court to order his immediate release. [Id.]

This Court concludes that Petitioner's detention for almost eighteen months without a bond hearing is unreasonable under the circumstances of this case and violates due process. See, e.g., Gao v. LaRose, 805 F. Supp. 3d 1106, 1110-12 (S.D. Cal. 2025) (discussing factors used to analyze a claim that prolonged detention violates due process). However, this Court declines to assume that Respondents and any immigration judge who presides over Petitioner's bond hearing will violate this order and the writ. Petitioner cites examples of events that he contends indicate that a bond hearing at this point would be an inadequate remedy. See Traverse at 2-3 (citing Perez Velasquez v. Bondi, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479 (S.D. Cal. April 16, 2026) (ordering immediate release after finding Petitioner's post-habeas bond hearing legally and constitutionally

3:26-cv-02634-LEK-SBC

deficient)), id. at 3 & n.1 (referring to "policy directives establishing that adjudications favor the government over noncitizens, and explicit instructions to defy district court rulings" (citing Traverse, Exh. 1 (4/9/26 New York Times article titled "How Trump Purged Immigration Judges to Speed Up Deportations"))). The relief that Petitioner seeks would require a finding that it is impossible for Petitioner to receive an impartial and individualized bond hearing. The record in this case at this time does not support such a finding, but the examples and statistics that Petitioner cites are concerning. Petitioner's request for immediate release is therefore denied without prejudice.

Petitioner's request for an individualized bond hearing is granted. To address Petitioner's concerns, this Court makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[1]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

---

[1] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao, 805 F. Supp. 3d at 1112.

3:26-cv-02634-LEK-SBC

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days and Complaint for Injunctive and Declaratory Relief, filed April 24, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order within fourteen days of the filing of this order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody, Petitioner's request for the return of his property, and Petitioner's request for injunctive relief regarding future detention.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing within twenty-one days of the filing of this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 11, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**AIUR TUDINOV VS. JEREMY CASEY ET AL.; CASE NO.: 3:26-CV-02634-LEK-SBC; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

3:26-cv-02634-LEK-SBC